**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

UNITED STATES OF AMERICA, ) Case No.: 2:06-cr-00239-RCJ-PAL
)
Plaintiff-Respondent, ) **ORDER**
)
vs. )
)
KURT J. MYRIE, AKA Kurt James Myrie, )
)
Defendant-Petitioner. )
)

Presently before the Court is Petitioner Kurt J. Myrie's Motion to Extend Time to File Initial § 2255 (#185) and Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (#189). For the reasons provided herein, the Court declines to rule on the motion to extend time and denies the motion to vacate.

**Background**

On November 7, 2007, a grand jury issued a Superseding Indictment (#36)[1] against Petitioner on the following four counts: (1) Conspiracy to Commit Bank Robbery in violation of 18 U.S.C. §§ 2113(a), 371; (2) Armed Bank Robbery, Aiding and Abetting, which included taking by force, violence, or intimidation $3,178.00 in United States currency from a Las Vegas, Nevada branch of Colonial Bank, whose deposits were insured by the Federal Deposit Insurance Corporation, in violation of 18 U.S.C. §§ 2, 2113(a), 2113(d); (3) Brandishing a Firearm During, in Relation to, and in Furtherance of a Conspiracy to Commit Bank Robbery in violation of 18

---

[1] A grand jury originally indicted Petitioner on June 28, 2006, on counts of (1) Bank Robbery in violation of 18 U.S.C. § 2113(a), and (2) Possession of a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Indictment (#1) at 1-2). Petitioner pled not guilty to both counts at his arraignment on July 7, 2006. (Minutes of Proceedings (#6)).

1

U.S.C. § 924(c); and (4) Brandishing a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c). (Superseding Indictment (#36) at 1-4). Petitioner initially pled not guilty to all four counts at his November 16, 2007, arraignment. (Minutes of Proceedings (#44)). On December 14, 2007, Petitioner changed his plea and pled guilty to all three counts in the Superseding Indictment (#36).[2] (Minutes of Proceedings (#87)). Counsel represented Petitioner at the time of his plea. *Id.*

On April 21, 2008, pursuant to Petitioner's guilty plea, the Court sentenced him to 194-months imprisonment as follows: (1) Count One: 60 months; (2) Count Two: 110 months, concurrent to the sentence imposed on Count One; and (3) Count Three: 84 months, consecutive to the sentence imposed on Counts One and Two. (Judgment (#143) at 1-2).

Through his counsel, Petitioner subsequently appealed his sentencing to the Ninth Circuit Court of Appeals on May 2, 2008. (Notice of Appeal (#146)). On appeal, Petitioner argued that the District Court violated his due process and jury trial rights by imposing an upward departure based on uncharged criminal acts. (Ninth Cir. Op. (#180) at 6-7; s*ee also* Opening Brief of Defendant-Appellant Kurt Myrie, *United States v. Myrie*, No. 08-10206, 2008 WL 5010929 (9th Cir. 2009)). Petitioner also argued that the Court: (a) sentenced him on redundant charges in violation of the Double Jeopardy Clause, (b) improperly sentenced him for brandishing (as opposed to using or possessing) a firearm, and (c) violated the Confrontation Clause in allowing hearsay evidence about Petitioner's past criminal activities at sentencing. (Ninth Cir. Op. (#180) at 5-6; *see also* Opening Brief of Defendant-Appellant Kurt Myrie, *Myrie*, 2008 WL 5010929 (No. 08-10206)). The Ninth Circuit rejected the above arguments and affirmed Petitioner's

---

[2] The Court consolidated Counts Three and Four of the Superseding Indictment (#36) under Count Three before Petitioner changed his plea. (Minutes of Proceedings (#105)).

sentence on November 5, 2009. (Ninth Cir. Op. (#180) at 2, 5-7). Petitioner did not appeal the Ninth Circuit's decision to the U.S. Supreme Court.

On January 24, 2011, Petitioner filed a Motion to Extend Time to File Initial § 2255 Motion (#185) which requested an additional 30 days to file his § 2255 motion because he "just received his papers from his attorney." (Motion to Extend Time to File Initial § 2255 Motion (#185) at 1). Petitioner filed his Motion to Vacate under 28 U.S.C. § 2255 (#189) on August 9, 2011. (*See* Motion to Vacate under 28 U.S.C. § 2255 (#189)). That same day, the Court received a letter from Petitioner explaining his delay in filing the § 2255 motion. (*See* Letter from Kurt Myrie (#188)). Petitioner alleged that various institutional lockdowns, his transfer to the "Special Housing Unit," and the loss of most of his "legal work" all contributed to his late filing. (*Id.* at 1).

**Discussion**

The Court notes that Petitioner may be able to demonstrate, after significant factual and evidentiary supplementation, that the Court should consider his Motion to Vacate under 28 U.S.C. § 2255 (#189) timely under the doctrine of equitable tolling. However, the issue of timeliness is ultimately moot because Petitioner's motion under § 2255 plainly does not entitle him to relief, and the Court must therefore deny his motion.

Title 28, United States Code, Section 2255 allows a federal prisoner to file a motion to contest his continued imprisonment for any of the following causes: (1) the Court imposed a sentence which violates the Constitution or laws of the United States, (2) the Court lacked jurisdiction to impose the sentence, (3) the sentence exceeds the maximum authorized by law, or (4) the sentence is otherwise vulnerable to collateral attack. 28 U.S.C. § 2255(a). Subject to limited exceptions, the Court must dismiss an untimely § 2255 motion. *See* 28 U.S.C. § 2255(f);

*see also Clay v. United States*, 537 U.S. 522, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003). Similarly, the Court must dismiss a § 2255 motion when "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), 28 U.S.C. § 2255. If the Court does not deny the motion, it must order the United States Attorney to respond to the petitioner's § 2255 motion. *Id*.

In Part I of this Order, the Court finds that Petitioner may be able to demonstrate that he timely filed his § 2255 motion through the doctrine of equitable tolling. As such, the Court considers and rules on the merits of Petitioner's § 2255 motion in Part II.

**I. Timeliness of § 2255 Motion**

Generally, the Court dismisses untimely motions under § 2255. *See* 28 U.S.C. § 2255(f); *see also Clay*, 537 U.S. at 524-25. The Ninth Circuit recognizes equitable tolling as an exception to the general bar on untimely § 2255 motions. *United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004).

Here, the Court must decide whether Petitioner timely filed his Motion to Vacate under 28 U.S.C. § 2255 (#189). If not, the Court has to determine what effect, if any, Petitioner's Motion to Extend Time to File Initial § 2255 (#185) has on the timeliness of his § 2255 motion, and whether the Court should equitably toll Petitioner's § 2255 motion.

**A. Petitioner's § 2255 Motion Was Due February 3, 2011**

Petitioner Kurt J. Myrie did not timely file his § 2255 motion in strict conformance with the time restrictions Congress promulgated in 28 U.S.C. § 2255(f).

///

///

///

A petitioner has one year from the date his conviction becomes final to file a § 2255 motion, unless another form of statutory tolling applies.[3] 28 U.S.C. § 2255(f)(1). When a petitioner fails to file a petition for *certiorari* in his underlying criminal case, his conviction becomes final 90 days after the Circuit Court of Appeals renders its decision. *Clay*, 537 U.S. at 532; U.S. Sup. Ct. R. 13(1).

In this case, Petitioner's § 2255 motion was due February 3, 2011, roughly six months before Petitioner actually filed his § 2255 motion on August 9, 2011.[4] (Motion to Vacate under 28 U.S.C. § 2255 (#189) at 1). The Ninth Circuit affirmed Petitioner's sentence on November 5, 2009. (Ninth Cir. Op. (#180) at 2, 7). Because Petitioner did not seek *certiorari*, the Ninth Circuit's decision became final, for the purposes of 28 U.S.C. § 2255(f), 90 days later on February 3, 2010. *See Clay*, 537 U.S. at 532; *see also* U.S. Sup. Ct. R. 13(1). According to 28 U.S.C. § 2255(f), Petitioner had one year from the expiration of those 90 days to file his § 2255 motion, meaning his § 2255 motion was due February 3, 2011. 28 U.S.C. § 2255(f)(1).

Because Petitioner did not file a timely § 2255 motion in strict accordance with 28 U.S.C. § 2255(f), the Court must consider whether it has the authority to grant Petitioner's Motion to Extend Time to File Initial § 2255 (#185), and, if not, whether Petitioner has demonstrated that the Court should equitably toll his Motion to Vacate under 28 U.S.C. § 2255 (#189).

---

[3] *See* 28 U.S.C. § 2255(f)(2-4) (additional forms of statutory tolling). Here Petitioner makes no claim for an alternative form of tolling under 28 U.S.C. § 2255(f)(2-4). *See* Motion to Extend Time to File Initial § 2255 (#185); *see also* Letter from Kurt Myrie (#188).
[4] August 9, 2011 is the date the District Court Clerk file-stamped Petitioner's § 2255 motion. (Motion to Vacate under 28 U.S.C. § 2255 (#189) at 1). Petitioner's Certificate of Service asserts that under *Houston v. Lack*, 487 U.S. 266 (1988) he filed his § 2255 motion on August 3, 2011. (*Id.* at 15). Here, a six-day discrepancy is not relevant to the Court's timeliness inquiry.

**B. Effect of Petitioner's Motion to Extend Time to File § 2255 Motion**

There is currently no guiding precedent from the Ninth Circuit or the U.S. Supreme Court regarding the scope of the Court's power to extend the time for a petitioner to file a § 2255 motion, with the notable exception of equitable tolling. *Battles*, 362 F.3d at 1197 (equitable tolling applies to § 2255 motions). For this reason, the Court declines to rule on Petitioner's Motion to Extend Time to File Initial § 2255 (#185).

Persuasive precedent from the Second Circuit Court of Appeals could preclude the Court from ruling on Petitioner's Motion to Extend Time to File Initial § 2255 (#185). *See United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000). In *Leon*, the Second Circuit held that a request to extend time to file a § 2255 motion did not present a constitutional case or controversy; therefore any ruling on the timeliness of a § 2255 motion which the petitioner had not yet filed would be unconstitutional as an advisory opinion. *Id.*[5] Here, Petitioner's case is distinguishable from *Leon* in that Petitioner actually filed a § 2255 motion before the Court could hear his previously filed motion to extend time. (*Compare* Motion to Extend Time to File Initial § 2255 (#185) (filed January 24, 2011) *and* Motion to Vacate under 28 U.S.C. 2255 (#189) (filed August 9, 2011) *with Leon*, 203 F.3d at 163 (no § 2255 motion filed)). Nevertheless, if the Court opted to follow Second Circuit precedent, it could construe Petitioner's Motion to Extend Time to File Initial § 2255 (#185) as predating, and therefore not a part of, the constitutional case or controversy created when Petitioner filed his actual § 2255 motion. As such, constitutional doctrine would prohibit the Court from ruling on a motion which was not part of a constitutional case or controversy. *See Leon*, 203 F.3d at 164.

---

[5] The Fourth, Fifth, Sixth, and D.C. Circuits have followed this line of reasoning in unpublished opinions. *See United States v. White*, 257 F. App'x 608, 609 (4th Cir. 2007), *United States v. McFarland*, 125 F. App'x 573, 574 (5th Cir. 2005), *United States v. Moore*, 56 F. App'x 686, 687 (6th Cir. 2003), *United States v. Glover*, 05-3110, 2006 WL 3798926 (D.C. Cir. June 27, 2006).

Even if the Court chose not to apply Second Circuit precedent,[6] and held that Petitioner's Motion to Extend Time to File Initial § 2255 (#185) was a part of an ongoing constitutional case or controversy,[7] it is still unclear whether the Court has the power to grant an extension through any vehicle other than equitable tolling. *See Battles*, 362 F.3d at 1197 (holding that equitable tolling applies to § 2255 motions). According to Rule 12 of 28 U.S.C § 2255, the Federal Rules of Criminal Procedure and the Federal Rules of Civil Procedure supplement § 2255 to the extent that they do not conflict with § 2255. Rule 12, 28 U.S.C. § 2255. Rule 6 of the Federal Rules of Civil Procedure and Rule 45 of the Federal Rules of Criminal Procedure both empower the Court, under certain circumstances, to grant an extension of time to file a motion. Fed. R. Civ. P. 6(b); Fed. R. Crim. P. 45(b). However, even if the Court held that the Federal Rules of Criminal and Civil Procedure permitted an extension, that extension could well be inconsistent with Congress' duly enacted time limitations on § 2255 filings. *See* 28 U.S.C. § 2255(f) (establishing time restrictions for § 2255 motions). Rule 12 of 28 U.S.C. § 2255 appears to resolve such inconsistencies in favor of § 2255's strict time restrictions. Rule 12, 28 U.S.C. § 2255.[8] As such, even if there is a constitutional case or controversy at hand, the Court may lack the power to grant an extension of time by means other than equitable tolling.

---

[6] Second Circuit precedent has a merely persuasive effect on the Court. *See Hart v. Massanari*, 266 F.3d 1155, 1172-73 (9th Cir. 2001) (noting that the decision of one circuit court is not binding on district courts in other circuits).

[7] The motion to extend could potentially be part of a constitutional case or controversy if § 2255 proceedings are properly viewed as part of the underlying criminal case or if Petitioner's subsequently filed Motion to Vacate under 28 U.S.C. § 2255 (#189) created a constitutional case or controversy which included the antecedent Motion to Extend Time to File Initial § 2255 (#185).

[8] "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Rule 12, 28 U.S.C. § 2255.

Without the benefit of controlling precedent from the Ninth Circuit or U.S. Supreme Court, the Court declines to rule on Petitioner's Motion to Extend Time to File Initial § 2255 (#185). However equitable tolling may entitle Petitioner to have his § 2255 motion treated as timely, notwithstanding its actual lateness. *Battles*, 362 F.3d at 1197.

### C. Equitable Tolling Inquiry

Petitioner alleges facts in his Motion to Extend Time to File Initial § 2255 (#185) and in the Letter from Kurt Myrie (#188) which, if supplemented by additional facts and evidence, might entitle him to equitable tolling. However, the issue of timeliness does not require resolution because, as detailed in Part II of this Order, the Court denies Petitioner's § 2255 motion because it plainly does not entitle him to relief.

Equitable tolling allows the Court to accept an otherwise untimely filing as properly filed when (1) some extraordinary circumstance prevented timely filing, (2) the petitioner has diligently pursued his rights, and (3) the extraordinary circumstance caused petitioner's late filing. *United States v. Buckles*, 647 F.3d 883, 889 (9th Cir. 2011) *cert. denied,* 132 S. Ct. 436, 181 L. Ed. 2d 283 (2011). Equitable tolling inquiries "are highly fact-dependent." *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000). Petitioner ultimately "bears the burden of showing that equitable tolling is appropriate." *Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005) *reh'g granted and opinion modified on other grounds*, 447 F.3d 1165 (9th Cir. 2006). However, when a petitioner alleges circumstances which, if fully developed, might entitle him to equitable tolling, the Court should afford him the opportunity to so develop his claim. *Buckles*, 647 F.3d at 892.

A petitioner's complete lack of access to his legal file may constitute an extraordinary circumstance for the purposes of equitable tolling. *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir.

2009). In *Yates*, prison authorities moved the petitioner to administrative segregation where he could not access his legal materials. *Id.* The Ninth Circuit held that this complete lack of access may have been an extraordinary circumstance which called for equitable tolling. *Id.* However, to benefit from equitable tolling the district court still had to find on remand that the petitioner's complete lack of access caused him to file late and that the petitioner diligently pursued his rights. *Id.*

Here, Petitioner alleges that as of January 19, 2011, he had "just received his papers from his attorney and only request [sic] an extension of thirty days." (Motion to Extend Time to File Initial § 2255 Motion (#185) at 1). He later alleged that at some point after January 21, 2011, prison authorities transferred him to the "Special Housing Unit" where he was unable to access all of his legal work for a period and able to access only a portion of it for another period. (Letter from Kurt Myrie (#188) at 1). As in *Yates*, wherein the Ninth Circuit held that a petitioner's complete lack of access to his legal file could justify equitable tolling, here Petitioner claims to have had no access to his legal file for various periods before and after his § 2255 motion was due. However, Petitioner's allegations do not establish the exact dates that his legal file was unavailable to him, nor do his allegations establish that he exercised due diligence, as required for equitable tolling. Because Petitioner has alleged facts which, if developed, might entitle him to equitable tolling, typically the Court would have to afford him the opportunity to fully advance that claim. *Buckles*, 647 F.3d at 892.

While Petitioner may have established that the Court should allow him to supplement his claim for equitable tolling, the issue of timeliness is ultimately moot because Petitioner's § 2255 motion plainly demonstrates that no claims therein entitle him to relief.

///

## II. Merits of § 2255 Motion

Since Petitioner, through significant factual and evidentiary supplementation, may be able to demonstrate that the Court should equitably toll his otherwise untimely Motion to Vacate under 28 U.S.C. 2255 (#189), the Court will reach the merits of his § 2255 motion. The Court must deny Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (#189) on the merits because the claims therein plainly do not entitle Petitioner to relief. *See* Rule 4(b), 28 U.S.C. § 2255.

The Court's standard for preliminary review of § 2255 motions compels it to dismiss a petitioner's claim if it plainly does not entitle him to relief. Rule 4(b), 28 U.S.C. § 2255. Otherwise, the Court must order the United States Attorney to respond to the petitioner. *Id.*

Petitioner alleges five claims in his Motion to Vacate under 28 U.S.C. § 2255 (#189). First, he alleges that the Court did not inform him of the nature of charges and proceedings which "left the defendant at a disadvantage as to how to plead." (Motion to Vacate under 28 U.S.C. § 2255 (#189) at 11). Second, he alleges that the Court erred in allowing uncharged criminal acts to factor into Petitioner's upward departure. (*Id.* at 4-5, 7). Third, he alleges that the Court erred in imposing a sentence enhancement "based upon the fear of the bank teller." (*Id.* at 6). Fourth, he alleges that the Court erred in imposing an upward departure based on Petitioner's age and risk of recidivism. (*Id.*). Finally, he alleges that the United States District Court for Nevada did not have, or did not demonstrate that it had, jurisdiction over the criminal proceeding. (*Id.* at 4, 8-10).

### A. Voluntariness of Guilty Plea

Petitioner cannot assert that his guilty plea was involuntary and unintelligent in a § 2255 motion. As such, that claim plainly does not entitle Petitioner to relief, meaning the Court must dismiss it. *See* Rule 4(b), 28 U.S.C. § 2255.

Generally speaking, "[h]abeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.' " *Reed v. Farley,* 512 U.S. 339, 354, 114 S.Ct. 2291, 2300, 129 L.Ed.2d 277 (1994) (quoting *Sunal v. Large,* 332 U.S. 174, 178, 67 S.Ct. 1588, 1590, 91 L.Ed. 1982 (1947). In keeping with this general rule, "the voluntariness and intelligence of a guilty plea can be attacked on collateral review *only if first challenged on direct review*." *Bousley v. United States*, 523 U.S. 614, 621, 118 S. Ct. 1604, 1610, 140 L. Ed. 2d 828 (1998) (emphasis added). In other words, a petitioner cannot use a § 2255 motion to assert that his guilty plea was involuntary or unintelligent unless he first raised that issue on direct appeal. *Id.*

Here, Petitioner contends that this Court did not explain the nature of the charges and proceedings at issue. (Motion to Vacate under 28 U.S.C. § 2255 (#189) at 4, 11). Petitioner further asserts that the Court's failure to fully explain the charges and proceedings "left the defendant at a disadvantage as to how to plead before this kind of Court." (*Id.* at 11). However, Petitioner did not raise this issue on direct review. (*See* Ninth Cir. Op. (#180); *see also* Opening Brief of Defendant-Appellant Kurt Myrie, *Myrie*, 2008 WL 5010929 (No. 08-10206)). Because Petitioner failed to raise the voluntariness and intelligence of his plea on direct review, he has procedurally defaulted that claim for the purposes of § 2255. *See Bousley*, 523 U.S. at 621.

Because Petitioner cannot raise the voluntariness and intelligence of his plea in a § 2255 motion, the Court must dismiss that claim because it plainly does not entitle Petitioner to relief. *See* Rule 4(b), 28 U.S.C. § 2255.

**B. Upward Departure for Uncharged Criminal Activity**

Petitioner cannot use a § 2255 motion to dispute the Court's upward departure based on uncharged criminal acts. Therefore, the Court dismisses this claim. *See* Rule 4(b), 28 U.S.C. § 2255.

The "law of the case" doctrine generally precludes a petitioner from using a § 2255 motion to re-litigate an issue which an appellate court has fully heard and decided on direct review. *Davis v. U. S.*, 417 U.S. 333, 342, 94 S. Ct. 2298, 2303, 41 L. Ed. 2d 109 (1974) (recognizing an exception to the "law of the case" doctrine when material law has changed between direct review and the § 2255 motion). Indeed, "claims will ordinarily not be entertained under § 2255 that have already been rejected on direct review." *Reed*, 512 U.S. at 358 (Scalia, J. with Thomas, J., concurring).

In this case, Petitioner argues that the Court imposed an improper upward departure based on uncharged criminal acts. (Motion to Vacate under 28 U.S.C. § 2255 (#189) at 4-5, 7). However, Petitioner fully argued this issue before the Ninth Circuit, which unequivocally rejected Petitioner's argument. (*See* Ninth Cir. Op. (#180) at 6-7; *see also* Opening Brief of Defendant-Appellant Kurt Myrie, *Myrie*, 2008 WL 5010929 (No. 08-10206)). Petitioner does not cite, nor is the Court aware of, any material changes in law which might exclude the asserted claim from the "law of the case" doctrine. *See Davis*, 417 U.S. at 342. As such, the Court finds that this claim was fully argued and decided on direct review. *See Id.*; *see also Reed*, 512 U.S. at 358 (Scalia, J. with Thomas, J., concurring). Therefore, the Court dismisses this claim. *See* Rule 4(b), 28 U.S.C. § 2255.

**C. Sentencing Enhancement Due to Bank Teller's Fear and Upward Departure Based on Age and Risk of Recidivism**

Petitioner asserts that the Court erred in imposing a sentencing enhancement due to "the fear of the bank teller" and in imposing an upward departure due to Petitioner's age and risk of recidivism. (Motion to Vacate under 28 U.S.C. § 2255 (#189) at 6). Because procedural default bars Petitioner from asserting these sentencing errors, the Court dismisses these claims. *See* Rule 4(b), 28 U.S.C. § 2255.

Non-constitutional sentencing errors are not reviewable in a § 2255 motion if a petitioner could have raised those errors on appeal but failed to do so. *United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994). Sentencing errors which allegedly violate the Constitution are reviewable in a § 2255 motion *only if* the petitioner can demonstrate cause and prejudice, or actual innocence. *Bousley*, 523 U.S. at 622; *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003). Cause typically refers to an "external impediment" which prevented the petitioner from asserting a claim on direct review. *Murray v. Carrier*, 477 U.S. 478, 492, 106 S. Ct. 2639, 2648, 91 L. Ed. 2d 397 (1986). Prejudice refers to the resulting detriment which otherwise would not have manifested. *Id.* at 485.

Here, the Court cannot address the alleged sentencing errors in Petitioner's § 2255 motion. Petitioner contends that these sentencing errors violated his Fifth and Sixth Amendment rights. (Motion to Vacate under 28 U.S.C. § 2255 (#189) at 6). Since Petitioner has alleged a constitutional violation, his claims are not subject to procedural default if he can show cause and prejudice or actual innocence. *Ratigan*, 351 F.3d at 962. However, Petitioner has made no claim for cause. Indeed, Petitioner makes no attempt to explain the cause of his failure to raise the subject sentencing errors on direct appeal. (*See generally* Motion to Vacate under 28 U.S.C. § 2255 (#189)). Since Petitioner has made no allegation which the Court can interpret as cause for his procedural default, Petitioner is unable to demonstrate that the Court should except his procedural default based on cause and prejudice.

Absent cause and prejudice, procedural default will preclude Petitioner's claims unless he can demonstrate actual innocence. *Ratigan*, 351 F.3d at 962. However, the subject claims for sentencing error do not speak to actual innocence. (*See* Motion to Vacate under 28 U.S.C. § 2255 (#189) at 6). Furthermore, Petitioner makes no claim to actual innocence. (*See generally*

13

Motion to Vacate under 28 U.S.C. § 2255 (#189)). Petitioner only alleges an unconstitutional sentence enhancement and upward departure, neither of which relates to Petitioner's innocence or guilt.

Petitioner procedurally defaulted on his claims for constitutional sentencing error by failing to raise them on direct appeal. *See Bousley*, 523 U.S. at 622. The Court cannot hear those claims on a § 2255 motion because Petitioner has not claimed, much less demonstrated, cause and prejudice or actual innocence. *Id.* As such, Petitioner's claims do not entitle him to relief, and the Court dismisses them. *See* Rule 4(b), 28 U.S.C. § 2255.

### D. The Court Lacked Jurisdiction in the Underlying Criminal Case

Petitioner makes two purportedly jurisdictional arguments: (1) the U.S. District Court for Nevada lacked jurisdiction to preside over his underlying criminal case, and (2) that his Sixth Amendment rights were violated because the Court did not "ascertain by law, [sic] the district wherein the crime have [sic] been committed." (Motion to Vacate under 28 U.S.C. § 2255 (#189) at 4, 8-10). Because Petitioner's claims plainly do not entitle him to relief, the Court must dismiss them. *See* Rule 4(b), 28 U.S.C. § 2255.

#### 1. Subject Matter Jurisdiction and F.D.I.C. Insurance

Petitioner asserts that because the F.D.I.C. does not insure against theft, it did not insure the deposits he pled to stealing.[9] (Motion to Vacate under 28 U.S.C. § 2255 (#189) at 9). He

---

[9] The Court notes that this portion of Petitioner's argument stems from a misconstruction of the federal bank robbery statute, 18 U.S.C. § 2113, which states, in material part, that a bank is "any institution the deposits of which are insured by the Federal Deposit Insurance Corporation." 18 U.S.C. § 2113(f). In other words, § 2113 requires that the F.D.I.C. insures deposits generally, and not that the F.D.I.C. insures against the particular loss suffered. Because the Court must liberally construe *pro se* filings, the Court will examine Petitioner's claim as arguing that, for whatever reason, the F.D.I.C. did not insure the deposits he pled guilty to taking. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (quoting *Estelle v.*

further asserts that F.D.I.C. insurance is a jurisdictional element, and that his guilty plea does not waive jurisdictional defects. (*Id.* at 8-9). As such, Petitioner appears to argue that the Court lacked subject matter jurisdiction in his underlying criminal proceeding, a collateral attack which § 2255 permits. 28 U.S.C. § 2255(a). However, Petitioner's argument plainly does not entitle him to relief because F.D.I.C. insurance does not establish the Court's subject matter jurisdiction. Instead it is a factual element of bank robbery under § 2113 which Petitioner, having pled guilty, cannot collaterally attack. Therefore, the Court dismisses this claim. *See* Rule 4(b), 28 U.S.C. § 2255.

U.S. District Courts have subject matter jurisdiction over "all offenses against the laws of the United States." 18 U.S.C. § 3231. Bank robbery "is unquestionably such an offense." *Ratigan*, 351 F.3d at 962 (relating to a violation of 18 U.S.C. § 2113); *see* 18 U.S.C. § 2113. The Court establishes subject matter jurisdiction when a grand jury issues an indictment for the violation of a United States law. *Ratigan*, 351 F.3d at 963 (quoting *De La Maza v. United States*, 215 F.2d 138, 140 (9th Cir. 1954)). In federal bank robbery cases, the Court's subject matter jurisdiction originates as described above. *Id.* F.D.I.C. insurance does not confer subject matter jurisdiction to the Court; rather, it is an element of the federal bank robbery statute which the prosecution must prove. *Id.*

Here, a grand jury indicted Petitioner for, among other things, violation of 18 U.S.C. § 2113 (a) and (d), which is a law of the United States. (Indictment (#36) at 3). This indictment for violation of U.S. law established the Court's subject matter jurisdiction. *See Ratigan*, 351 F.3d at 963. Whether or not the F.D.I.C. insured Colonial Bank's deposits was an element of the overall crime of bank robbery which Petitioner pled guilty to. (Minutes of Proceedings (#87)).

---

*Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976)) (the Court construes *pro se* filings liberally).

15

Therefore, Petitioner's argument that the F.D.I.C. did not insure the deposits he stole does not actually speak to subject matter jurisdiction. Instead, it speaks to the facts alleged in the indictment to which Petitioner pled guilty. Since Petitioner's argument actually asserts that he pled to an indictment with factually inaccurate information, the Court must consider that argument.

Petitioner cannot collaterally attack his guilty plea if it was voluntary, intelligent, and made with the assistance of competent counsel. *Bousley*, 523 U.S. at 621. Because Petitioner's guilty plea—which included an admission that the F.D.I.C. insured Colonial Bank's deposits—was voluntary, intelligent, and made with the assistance of competent counsel, he cannot now collaterally attack it. (*See* Indictment (#36) at 3; *see also* Minutes of Proceedings (#87)).

Petitioner's guilty plea was voluntary and intelligent because, as discussed in Part II: Section A of this order, Petitioner never asserted on direct review that his plea was involuntary or unintelligent. (*See* Ninth Cir. Op. (#180); *see also* Opening Brief of Defendant-Appellant Kurt Myrie, *Myrie*, 2008 WL 5010929 (No. 08-10206)). Therefore, Petitioner cannot collaterally attack his plea on those grounds. *Bousley*, 523 U.S. at 621. Petitioner also had the assistance of counsel when he pled guilty and when he appealed to the Ninth Circuit. (Minutes of Proceedings (#87) and Notice of Appeal (#146)). Further, Petitioner has never argued that his counsel was incompetent. As such, Petitioner cannot use a § 2255 motion to collaterally attack the factual allegations in the indictment to which he pled guilty.

Petitioner's claim that the F.D.I.C. did not insure the deposits he took plainly does not entitle him to relief. This is because his claim does not actually address the Court's subject matter jurisdiction. Instead, his claim contests facts which he has already pled guilty to and

therefore are not open to collateral attack. As such, the Court dismisses this claim. *See* Rule 4(b), 28 U.S.C. § 2255.

## 2. Sixth Amendment Right to Have Trial in a District "Previously Ascertained by Law"

According to Petitioner, the District Court failed to ascertain by law the district in which to try him. In other words, the Court did not positively establish that the District of Nevada was the proper venue for Petitioner's trial.[10] The Court dismisses this claim because the district of trial was "previously ascertained by law" in accordance with the Sixth Amendment. *See* Rule 4(b), 28 U.S.C. § 2255.

The Sixth Amendment's mandate that the district of trial be "previously ascertained by law" merely requires that the district for trial "be ascertained and fixed previous to the commission of the offence." *United States v. Dawson*, 56 U.S. 467, 487, 14 L. Ed. 775 (1853). When the framers drafted the Sixth Amendment, many feared that government officials would arbitrarily send those accused of crimes to distant and unfamiliar jurisdictions for trial. *Id.* To allay these fears, the Sixth Amendment requires that trials be held where the offense occurred and that the district be predetermined by law. *Id.* Article III[11] and the Sixth Amendment[12] set

---

[10] It is quite possible that the Court should bar this claim as procedurally defaulted since claims of improper venue are subject to procedural default. *Marcella v. United States*, 344 F.2d 876, 882 (9th Cir. 1965). Here, however, Petitioner does not necessarily argue that the venue was improper. Instead he contends that the Court did not "ascertain" the district for trial in accordance with the Sixth Amendment. (Motion to Vacate under 28 U.S.C. § 2255 (#189) at 4, 8-10). Because the Court is not aware of any binding precedent directly on point, the Court will address the merits of Petitioner's claim notwithstanding the fact that it is likely subject to procedural default.

[11] The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed; but when not committed within any State, the Trial shall be at such Place or Places as the Congress may by Law have directed.

U.S. Const. art. III, § 2, cl. 3

the exact venue for trial as the state and district in which the crime occurred. *Johnston v. United States*, 351 U.S. 215, 220, 76 S. Ct. 739, 742, 100 L. Ed. 1097 (1956).

In this case, Petitioner pled guilty to bank robbery, among other offenses, in violation of United States law. (Minutes of Proceedings (#87)). The offense occurred on or about June 15, 2006, in Las Vegas, Nevada. (Indictment (#36) at 3). Prior to that date Congress had established the District of Nevada as a federal judicial district. *See* Act of February 27, 1865, 13 Stat. at Large 440 (1865). Since Article III of the Constitution and the Sixth Amendment set the district for trial as the state and district wherein the criminal offense took place, and because Nevada was both a state and federal judicial district more than 100 years before Petitioner committed the subject offense, the district of Petitioner's trial was indeed "ascertained and fixed previous to the commission of the offence." *Dawson*, 56 U.S. at 487. As such, that claim does not entitle Petitioner to relief, and the Court dismisses it. *See* Rule 4(b), 28 U.S.C. § 2255.

///

///

///

///

///

///

---

[12] In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. amend. VI.

**Conclusion**

IT IS ORDERED that the Court DECLINES to rule on Petitioner's Motion to Extend Time to File Initial § 2255 (#185) for the foregoing reasons.

IT IS FURTHER ORDERED that Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (#189) is DENIED.

DATED: This 6th day of July, 2012.

_____
United States District Judge